NO. 07-05-0248-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 5, 2006

_____

JAMES RAYMOND BECK, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM COUNTY CRIMINAL COURT NO. 3 OF TARRANT COUNTY;

NO. 0897673; HONORABLE BILLY D. MILLS, JUDGE

_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty, appellant James Raymond Beck was convicted by a jury of driving while intoxicated and sentenced to 120 days confinement and a $550 fine, suspended in favor of twenty-four months community supervision. By seven points of

error, appellant contends his conviction should be reversed because the trial court committed various errors in ruling on his objections at trial. We affirm.

Appellant was stopped by a Mansfield police officer after he was observed committing several traffic offenses. During the stop, Officer Richard Hash detected the smell of alcohol coming from the vehicle and asked appellant whether he had consumed any alcoholic beverages. Appellant replied that he "had about five or six beers" and that he was drunk. Officer Hash called for backup and asked appellant whether he had any medical problems. Appellant responded that he was diabetic and had not taken his medication in two days. Upon learning this information, Hash called for an ambulance; however, upon its arrival, appellant refused medical treatment. Officer Gilbert Martinez arrived on the scene and conducted a pat-down search of appellant. During the search, he discovered an empty beer bottle in appellant's coat pocket. Appellant was then arrested for driving while intoxicated and taken to the police station where he submitted a breath sample of .101. He was subsequently charged and convicted of the offense.

Addressing appellant's points in logical rather than sequential order, we begin with appellant's third point. By this point, appellant contends the trial court erred in failing to sustain his objection to statements he made during the traffic stop prior to being administered *Miranda* warnings. Appellant contends Officer Hash's questions during the traffic stop amounted to a custodial interrogation. We disagree.

Voluntary, noncustodial statements are exempt from the requirements of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct.1602, 16 L.Ed.2d 694 (1966), and article 38.22 of the Code of Criminal Procedure. *See* Granviel v. State, 723 S.W.2d 141, 146 (Tex.Cr.App. 1986). Furthermore, a DWI investigation involving questions and field sobriety tests does not, without more, rise to the level of a custodial interrogation. *See* Berkemer v. McCarty, 468 U.S. 420, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984); State v. Stevenson, 958 S.W.2d 824, 828-29 (Tex.Cr.App. 1997). Here, the record reflects that prior to appellant's arrest, Officer Hash asked him whether he had consumed any alcoholic beverages, where he was headed, whether he had any medical conditions, and whether he was taking any medications. Appellant voluntarily answered the officer's questions. At no point did he request counsel or otherwise indicate that he did not want to answer the officer's questions. Therefore, we agree with the State that these questions, asked during the course of the traffic stop and prior to arrest, did not amount to a custodial interrogation. Point three is overruled.

By points one and two, appellant contends the trial court erred in failing to grant a mistrial after the State commented on his "pre-trial silence." Specifically, appellant directs us to two separate comments made by the prosecutor during opening statements. The State contends these points were not preserved for review. We agree.

As a prerequisite for appellate review, a defendant must make a timely request, objection, or motion stating the grounds with sufficient specificity to apprise the trial court

3

of the complaint and obtain an adverse ruling.  *See* Tex. R. App. P. 33.1(a); Martinez v. State, 91 S.W.3d 331, 337 (Tex.Cr.App. 2002).  Additionally, the objection at trial must comport with the complaint on appeal.  Trevino v. State, 991 S.W.2d 849, 854-55 (Tex.Cr.App. 1999).  Here, after both comments, appellant objected that the State's remarks were in violation of article 38.08 of the Code of Criminal Procedure, Article I, Section 10 of the Texas Constitution, and the Fifth and Fourteenth Amendments to the United States Constitution.  However, article 38.08 prohibits counsel from commenting on a defendant's failure to testify at trial on his own behalf.  Tex. Code Crim. Proc. Ann. art. 38.08 (Vernon 2005).  We find no objection in the record which comports with appellant's points on appeal regarding an improper comment on his "pre-trial silence."  Because the error claimed on appeal does not comport with that presented in the trial court, any alleged error was not preserved for review.  Accordingly, points one and two are overruled.

Similarly, by points four and five, appellant contends the trial court erred in failing to sustain his objections to the State's comments on his silence during closing arguments. With respect to point four, appellant contests the following remark by the State:

> So there is no evidence before you, zero, zero evidence before you, that there was a problem with that vehicle.

Appellant contends this was an improper comment on his pre-trial silence and his silence at trial because he was the only one who could have supplied such information.  We disagree. First, appellant's argument with respect to his pre-trial silence was not preserved

4

for review for the same reason points one and two were not preserved. Second, apart from making the declaration in his brief, appellant wholly fails to present any argument or authority to support his position that the challenged remark constituted an improper comment on his failure to testify at trial. Thus, his point presents nothing for our review and is overruled. *See* Tex. R. App. P. 38.1(h) (requiring appellant's brief to contain a clear and concise argument for the contentions made with appropriate citations to authorities and to the record).

With respect to point five, appellant contests the following remarks by the State:

This idea about bad driving, sure, that's one clue of intoxication, but it's not everything. What does the Defendant say about this? Maybe there's something wrong with the tires, but there's no evidence of this.

Appellant contends these remarks were a comment on his failure to testify. We disagree. Again, apart from the contention in his brief, appellant fails to present any argument or authority to support his position. Even if he had, it is apparent from the record that the challenged remark was not a comment on appellant's failure to testify but merely an attempt by the State to summarize appellant's theory of the case. For these reasons, point five is overruled.

Finally, by points six and seven, appellant alleges the trial court erred in overruling his objection to the State's argument that the jury should extrapolate his blood alcohol level when there was no evidence to allow such an extrapolation. Appellant's entire argument

consists of a single citation to authority stating that it is reversible error to allow extrapolation unless there are sufficient facts. Appellant presents no argument or explanation which relates how this authority supports his points under the present facts. Thus, his points are inadequately briefed and present nothing for review. *See* Tex. R. App. P. 38.1(h); Rocha v State, 16 S.W.3d 1, 20 (Tex.Cr.App. 2000). Points six and seven are overruled.

Accordingly, the trial court's judgment is affirmed.

Don H. Reavis
Justice

Do not publish.